IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SABRINA HESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:23-CV-51-ECM-KFP |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<ins>RECOMMENDATION OF THE MAGISTRATE JUDGE</ins>**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Sabrina Hester filed this action seeking review of the Social Security Administration's decision to deny her application for disability insurance benefits. The Court construes Plaintiff's supporting brief (Doc. 13) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 14) as a motion for summary judgment. After scrutiny of the record and motions submitted by the parties, the Magistrate Judge RECOMMENDS that Plaintiff's motion for summary judgment be GRANTED to the extent set forth below, the Commissioner's motion be DENIED, and the decision of the Commissioner be REVERSED and REMANDED.

**I.    STANDARD OF REVIEW**

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.     PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits with an alleged disability onset date of August 4, 2019. Doc. 14 at 1; R. 168. When her initial application and reconsideration appeal were denied, she requested a hearing before an Administrative Law Judge. Doc. 13 at 1. The ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review of that decision. R. 16–30; Doc. 13 at 1. Thus, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

## III.    THE ALJ'S DECISION

The ALJ found that Plaintiff suffered from the following severe, medically determinable impairments: degenerative changes of the lumbar spine, hypertension, tachycardia, anxiety, depression, and post-traumatic stress disorder. R. 19. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that would satisfy the listing impairments found in 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Subpart P, Appendix 1. *Id*. at 20.

The ALJ then determined that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:

2

> The claimant can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally be exposed to extreme heat, extreme cold, and vibration; can frequently handle; can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights or dangerous moving machinery, and can never operate a motor vehicle at work. The individual can understand and remember simple instructions; can sustain attention and concentration to complete simple tasks with regular breaks every two hours; can interact as needed with supervisors and coworkers and occasionally interact with the public; can adapt to routine work conditions and occasional work place changes.

R. 21–22. The ALJ determined that Plaintiff could not perform her past relevant work. *Id*. at 27–28. However, based on her age, education, work history, and RFC, the ALJ found other jobs in the national economy that Plaintiff can perform, specifically, a routing clerk, a marker, and a shipping weigher. *Id*. at 29. Thus, the ALJ concluded that Plaintiff is not disabled. *Id*. at 29–30. In reaching these conclusions, the ALJ relied on the testimony of a vocational expert (VE), to whom he posed a hypothetical that mirrored the above RFC. R. 29, 53–54.

## IV.   DISCUSSION

### A.   Plaintiff's Arguments

Plaintiff first argues that remand is required because the ALJ failed either to adopt certain limitations offered by Dr. Leslie Rodigues, a state agency consultant whose opinion the ALJ found persuasive, or to explain why he rejected the limitations. Doc. 13 at 4. Plaintiff also argues that remand is required because the ALJ failed to adopt any limitations to account for his finding that Plaintiff was moderately limited in her ability to concentrate, persist, or maintain pace. Doc. 13 at 9.

### B. Dr. Rodrigues's Opinion

Dr. Leslie Rodrigues, a non-examining state agency consultant, completed a mental RFC assessment of Plaintiff in December 2019. R. 70–72. The ALJ noted that Dr. Rodrigez found Plaintiff to have moderate limitations in understanding, interacting,[1] concentrating, and adapting. R. 26. He also noted Dr. Rodrigues's determination that Plaintiff can understand and remember simple instructions; would benefit from a flexible work schedule; would be expected to miss one to two days per month due to cognitive fatigue; would benefit from casual supervision; could tolerate ordinary workloads; and would require regular work breaks.[2] R. 26. The ALJ found this opinion to be persuasive because it found "no more than moderate limitations" and was consistent with the evidence showing no psychiatric hospitalization, no counseling, multiple normal mental status exams, and Plaintiff's reports that psychotropic medication was effective. R. 26.

### C. The ALJ's Omission of Dr. Rodrigues's Absenteeism Finding

Despite finding Dr. Rodrigues's opinion persuasive, the ALJ failed to account for Plaintiff's expected absences each month when he crafted Plaintiff's RFC and when he posed a hypothetical question to the VE who testified at the administrative hearing. R. 21–22, 53–56. For the reasons stated below, the undersigned finds that the ALJ's omission constitutes reversible error.

---

[1] Dr. Rodriguez actually concluded Plaintiff was moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors but *markedly* limited in interaction with the general public.

[2] Although not mentioned by the ALJ, Dr. Rodriguez also opined that Plaintiff would function best with her own work area or station without close proximity to others and should avoid excessive workloads, quick decision-making, rapid changes, and multiple demands.

In *Weidlich v. Comm'r of Soc. Sec.*, No. 22-13309, 2023 WL 8015753 (11th Cir. Nov. 20, 2023), the Eleventh Circuit recently reversed a decision affirming the Commissioner's denial of a claim where the ALJ found a medical opinion persuasive but failed to adopt the limitations in that opinion or explain why he did not. In that case, one of the claimant's medical sources stated he could never lift more than ten pounds. The ALJ found the opinion to be supported by an examination, partially consistent with the record, and generally persuasive. *Id*. at *1. Nonetheless, the ALJ concluded the claimant had the RFC for light work, which involves lifting up to 20 pounds. *Id*. at *2. In remanding, the court stated as follows:

> Social Security Ruling 96-8p (SSR 96-8p) provides that the ALJ must explain and address any conflicts between the RFC and medical opinions. *See* SSR 96–8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ's RFC assessment conflicts with [the] medical opinion, and the absence of a clear explanation violates SSR 96-8p and constitutes reversible error. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). Substantial evidence cannot support the ALJ's decision without a clear explanation. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).
>
> While the ALJ hinted at [other] opinions being more supported, the overall inconsistency in the ALJ's finding remains unclear. . . . So despite potential rationale, the absence of a clear explanation renders the ALJ's RFC assessment unsupported by substantial evidence. *See Cowart*, 662 F.2d at 735.

*Weidlich*, 2023 WL 8015753, at *2–3.[3]

Here, Dr. Rodrigues opined that Plaintiff would miss one to two days of work per month due to cognitive fatigue. R. 71. The ALJ quoted this portion of the opinion and

---

[3] The Commissioner argues that SSR 96-8p does not apply to the extent it conflicts with the new social security regulations and, thus, should not be considered in this case. However, the *Weidlich* court specifically relied on SSR 96-8p when holding that the ALJ erred by finding an opinion persuasive but crafting an RFC that conflicted with that opinion.

5

found the opinion persuasive yet omitted the restriction from the RFC and the hypothetical posed to the VE. R. 21–22, 26, 53–55. Thus, as in *Weidlich*, the RFC and hypothetical contradict a medical opinion otherwise deemed persuasive, and the ALJ's omission of the absenteeism finding was done without explanation. This type of cherry-picking from the limitations identified by a particular doctor, without explanation, is forbidden. *See Williams v. Saul*, No. 5:18-CV-1464-GMB, 2020 WL 733815, at *14 (N.D. Ala. Feb. 13, 2020) (reasoning that "cherry-picking is forbidden" when an ALJ is assessing the record); *see also Rios v. Acting Comm'r of the Soc. Sec. Admin.*, No. 8:22-CV-1084-MCR, 2023 WL 5926916, at *6 (M.D. Fla. Sept. 12, 2023) (reversing and remanding when ALJ found two doctors' opinions persuasive but "completely omitted" some limitations from RFC and hypothetical without explanation) (citing *Williams*, 2020 WL 733815, at *14).

As a result of the ALJ's lack of explanation, the Court cannot discern whether the ALJ properly determined that he should reject Dr. Rodrigues's opinion on absenteeism or if he made any determination at all. The ALJ may have disregarded the absenteeism finding because he found the opinion to be unsupported or inconsistent with other medical records; however, he did not so state, and the Court is prohibited from guessing:

> [A] "reviewing court is not permitted to guess why an ALJ found that a consultative opinion was not supported by the evidence. An ALJ "must build a logical analytical bridge explaining what particular evidence undermined [the medical] opinions and why." *Brown v. Comm'r of Soc. Sec.*, No. 6:20-cv-840-GJK, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (internal citations and quotations omitted). A district court cannot "scour the entirety of the record, with no guidance from the ALJ, in an attempt to divine what record evidence the ALJ believes creates unspecified inconsistencies" in a doctor's opinion. *Pierson v. Comm'r of Soc. Sec.*, No. 6-19-cv-01515, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020).

6

*Gentle v. Kijakazi*, No. 5:21-CV-1638-MHH, 2023 WL 6379602, at *14 (N.D. Ala. Sept. 30, 2023) (finding remand warranted because ALJ did not "provide sufficient reasoning to demonstrate that she conducted a proper legal analysis in evaluating [two] opinions" and court could not determine which restrictions were considered by ALJ) (citations omitted).

Further, because it is unclear if the finding on absenteeism was given any consideration at all by the ALJ, it is equally unclear what impact the absenteeism would have on the Plaintiff's RFC or her ability to perform her past work or other jobs in the national economy. This lack of a clear explanation constitutes reversible error, and substantial evidence cannot support the ALJ's decision without a clear explanation. *Weidlich*, 2023 WL 8015753, at *2–3; *see also Rios*, 2023 WL 5926916, at *7 ("Furthermore, it is not clear what impact these limitations, if included in the RFC, would have had on Plaintiff's ability to perform her past work. Indeed, without the ALJ stating with particularity how the limitations . . . affected Plaintiff's RFC finding and her ability to return to her past relevant work, the Court cannot determine whether the decision of the Commissioner is supported by substantial evidence. Therefore, the Court finds that the error is not harmless.")

In addressing the ALJ's omission of the absenteeism finding, the Commissioner asserts only that the ALJ was not required to include an explanation because the limitation was merely a "suggestion" about Plaintiff's best work environment. Doc. 14 at 7–8. In her opinion, Dr. Rodrigues stated that Plaintiff "would benefit from a flexible schedule and would be expected to miss 1–2 days of work per month due to cognitive fatigue." R. 71. While the Court agrees that Dr. Rodrigues's statement regarding a flexible schedule can

7

properly be characterized as a suggestion, the statement regarding absences cannot. Dr. Rodrigues did not *suggest* that Plaintiff be allowed to miss one or two days of work or state that those absences would benefit her; she stated Plaintiff would be expected to miss one or two days per month. Thus, the Commissioner's argument on this issue fails.

For the above reasons, the undersigned concludes that the ALJ's decision is due to be reversed and this action remanded to the Social Security Administration for further proceedings. The ALJ should explain why he did not adopt the absence limitation in Dr. Rodrigues's medical opinion or, alternatively, reassess Plaintiff's RFC and, if necessary, submit a new hypothetical question to a vocational expert to determine whether jobs exist in the national economy for an individual with her age, education, work experience, and RFC.

In making this recommendation, the Magistrate Judge does not reach Plaintiff's arguments on the remainder of the limitations assigned by Dr. Rodrigues or by the ALJ and expresses no opinion on the merits of Plaintiff's claim. However, upon remand, the undersigned would expect the Commissioner to consider the remainder of Plaintiff's arguments and develop the record to address those arguments.

## V.   CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Summary Judgment (Doc. 13) be GRANTED to the extent set forth above, the Commissioner's motion (Doc. 14) be DENIED, and the Commissioner's decision be REVERSED and REMANDED.

Further, it is ORDERED that by **December 18, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

DONE this 4th day of December, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE